IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:18-CR-00041-JDK |
| TIMOTHY EARL BROWN (1) | § § | |

# REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On December 11, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Jim Noble.  Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After being found guilty by a jury of the offenses of Felon in Possession of a Firearm (Count 1s) and Felon in Possession of Ammunition (Count 2s), both Class C felonies, Defendant Timothy Earl Brown was sentenced on July 21, 2020 by United States District Judge Jeremy D. Kernodle.  The offenses carried a statutory maximum imprisonment term of 10 years on each count.  The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of III, was 27 to 33 months.  The Court sentenced Defendant to imprisonment for 60 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, testing, and mental health treatment.  The 3-year terms of supervised release are to run concurrently.

Defendant completed his term of imprisonment and started his term of supervised release on July 1, 2022.

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on November 6, 2023, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant failed to comply with the sex offender registration requirements on September 12, 2023 by failing to report his new address to the Panola County Sheriff's Department, a third-degree felony. It is alleged that Defendant was indicted in Panola County, Texas, on October 31, 2023 for the offense of Fail to Comply Sex Offenders Duty to Register Life/Annually.

2. **Allegation 2 (mandatory condition #3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on September 12, 2023 that tested positive for methamphetamine, which was confirmed positive at the lab.

3. **Allegation 3 (standard condition #2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.** It is alleged that Defendant was scheduled for an office visit on September 1, 2023, and September 11, 2023, at 9:00 a.m., but failed to report as instructed.

4. **Allegation 4 (standard condition #9): If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.** It is alleged that Defendant failed to notify the probation officer on September 9, 2023 about contact with the Panola County Sheriff's Office.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class C felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years on each count. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Fail to Comply Sex Offenders Duty to Register Life/Annually, a third-degree felony, and possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting a urine specimen that tested positive for methamphetamine, failing to report for an office visit, and failing to notify the probation officer within 72 hours of having contact with law enforcement, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On December 11, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected

credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 11th day of December, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE